UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| COLTIN DREW HERZOG, <br><br> Plaintiff, <br><br> v. <br><br> Z. SHIFFLETT and JOSHUA CARPENTER, <br><br> Defendants. | CAUSE NO. 1:24-CV-533-JD-AZ |

OPINION AND ORDER

Coltin Drew Herzog, a prisoner without a lawyer, filed a complaint. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Herzog alleges that around November 24, 2024, the outside temperature dropped, making his cell at the DeKalb County Jail really cold. He estimates that it felt like 20 degrees in his cell. He asked for double blankets and for the heat to be turned up, but Lieutenant Z. Shiflett denied those requests. McGraw alleges that all he had to

stop the cold was one blanket and one sheet. After a week of these conditions, Herzog filed this complaint, alleging the cold conditions violate his constitutional rights.

Because Herzog alleges he was a pretrial detainee at the relevant time, he is protected under the Fourteenth Amendment from being held in "conditions that 'amount to punishment.'" *Mulvania v. Sheriff of Rock Island Cnty.*, 850 F.3d 849, 856 (7th Cir. 2017) (quoting *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). Conditions may amount to punishment if as a result, inmates are denied "the minimal civilized measure of life's necessities," which include "reasonably adequate ventilation, sanitation, bedding, hygienic materials, and utilities." *Hardeman v. Curran*, 933 F.3d 816, 820 (7th Cir. 2019) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981) and *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016)). A defendant may be liable for an unconstitutional condition if he "did not take reasonable available measures to abate the risk of serious harm to [plaintiff], even though reasonable officers under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman v. Madison Cnty.* 108 F.4th 561, 572 (7th Cir. 2024) (emphasis omitted). In determining reasonableness, the court must consider the "totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020). Of note, "negligent conduct does not offend the Due Process Clause," and thus allegations of negligence, even gross negligence, do not state a Fourteenth Amendment claim. *Miranda v. Cnty. of Lake*, 900 F.3d 335, 353 (7th Cir. 2018).

Herzog states a plausible Fourteenth Amendment claim against Lieutenant Shifflett for responding unreasonably to the drop in temperature at the end of

2

November 2024. The Seventh Circuit has identified "a low cell temperature at night combined with a failure to issue blankets" as a circumstance that objectively deprives an inmate of the human need for warmth. *Johnson v. Prentice*, 29 F.4th 895, 904 (7th Cir. 2022). And a week of these conditions is of the "severity and duration" necessary to state a claim. *Roundtree v. Dart*, No. 23-2576, 2025 WL 401207, at *3 (7th Cir. Feb. 5, 2025) (unpublished decision). Thus, Herzog may proceed against Shifflett.

Herzog may not, however, proceed against Jail Commander Joshua Carpenter. Liability under 42 U.S.C. § 1983 requires personal involvement in the alleged constitutional violation. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Carpenter is not mentioned in the body of the complaint, so there are no allegations connecting him personally to the alleged violation. He cannot be held liable just because he holds a supervisory position at the jail. *See Burks v. Raemisch*, 555 F.3d 592, 593-94 (7th Cir. 2009) ("Section 1983 does not establish a system of vicarious responsibility. Liability depends on each defendant's knowledge and actions, not on the knowledge or actions of persons they supervise." (internal citation omitted)). Carpenter will be dismissed.

For these reasons, the court:

(1) GRANTS Coltin Drew Herzog leave to proceed against Lieutenant Z. Shifflett in his individual capacity for compensatory and punitive damages for failing to take reasonable measure to mitigate the cold temperature over the last week of November 2024 in violation of the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DISMISSES Joshua Carpenter;

(4) DIRECTS the clerk, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Lieutenant Z. Shifflett at the DeKalb County Jail, with a copy of this order and the complaint (ECF 1);

(5) ORDERS the DeKalb County Sheriff to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Lieutenant Z. Shifflett to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on March 14, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT