**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | | |
|---|---|---|
| COLTIN DREW HERZOG,<br>Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO.: 1:24-cv-00533-AZ |
| | ) | |
| ZACK SHIFFLETT,<br>Defendant. | ) | |

**<u>OPINION AND ORDER</u>**

This matter is before the Court on a Motion for Summary Judgment [DE 94], filed by Defendant Zack Shifflett on December 10, 2025. Plaintiff Coltin Drew Herzog filed a response on March 20, 2026. DE 117. The parties previously consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c). DE 45. For the reasons outlined below, the Court **GRANTS** Defendant Zack Shifflett's Motion for Summary Judgment [DE 94].

**Background**

On December 11, 2024, Plaintiff Coltin Drew Herzog filed a complaint against Zack Shifflett and Joshua Carpenter, alleging Eighth and Fourteenth Amendment violations based on the low temperature of his jail cell. DE 1 at 1-2. On March 14, 2025, the Court granted Plaintiff leave to proceed against Defendant Shifflett for compensatory and punitive damages related to the 14th Amendment claim only. DE 11 at 3. The Court dismissed Joshua Carpenter as a defendant and dismissed all other claims. *Id.* A stay was entered in this matter on May 11, 2026, pending resolution of the motion for summary judgment. DE 123.

## Legal Standard

Summary judgment is required when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing [substantive] law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue exists with respect to any material fact when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial," and summary judgment should be granted. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quotation marks and citation omitted).

In determining whether a genuine issue of material fact exists, courts must construe all facts in the light most favorable to and draw all reasonable inferences in favor of the non-moving party. *See Murphy v. Caterpillar Inc.*, 140 F.4th 900, 905-06 (7th Cir. 2025). "On summary judgment a court may not make credibility determinations [or] weigh the evidence" because "these are jobs for a factfinder." *Payne v. Pauley*, 337 F.3d 767, 770 (7th Cir. 2003) (citing *Anderson*, 477 U.S. at 255).

The moving party can prevail "by showing an absence of evidence to support the non-moving party's claims." *Parkey v. Sample*, 623 F.3d 1163, 1165 (7th Cir. 2010). The non-moving party cannot simply rest on the allegations contained in the pleadings but must present evidence sufficient to show the existence of each element of its case on which it will bear the burden at trial. *Celotex Corp. v. Catrett*, 477 U.S.

317, 322-23 (1986). Where the movant bears the burden of proof on a disputed issue at trial, to obtain summary judgment, the movant "must show that the evidence . . . is 'so one-sided that . . . [the movant] must prevail as a matter of law.'" *Rsrv. Supply Corp. v. Owens-Corning Fiberglas Corp.*, 971 F.2d 37, 42 (7th Cir. 1992) (quoting *Anderson*, 477 U.S. at 251-52).

**Discussion**

Plaintiff alleges that in November 2024, while he was a pretrial detainee, Defendant deliberately subjected him to excessively cold conditions in his jail cell. Defendant's motion for summary judgment argues four points regarding this claim. First, Defendant asserts that Herzog cannot establish that the conditions of his confinement were objectively serious enough to amount to a constitutional violation. DE 97 at 4-6. Second, Defendant argues that Herzog cannot establish that Shifflett acted with the requisite state of mind. *Id.* at 7-8. Third, Defendant argues that his actions were not objectively unreasonable. *Id.* at 8-10. Additionally, Defendant argues that he is entitled to qualified immunity. *Id.* at 9-10.

Because Plaintiff was a pretrial detainee during the time at issue, his claims are reviewed under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment and are subject to an objective unreasonableness standard. *See Miranda v. Cty. Of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). To prevail on a Fourteenth Amendment conditions of confinement claim, Plaintiff must prove: (1) the conditions in question were objectively serious; (2) the defendant acted purposefully, knowingly, or recklessly

with respect to the consequences of his actions; and (3) the defendant's actions were not objectively reasonable. *Hardeman v. Curran*, 933 F.3d 816, 827 (7th Cir. 2019) (Sykes, J., concurring) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 396-97 (2015)).

The first prong of this test is met where the harm imposed by the conditions of the confinement was "sufficiently serious" to deprive the prisoner of "the minimal civilized measure of life's necessities." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). "[P]risoners have a right to protection from extreme cold." *Smith v. Kind*, 140 F.4th 359, 370 (7th Cir. 2025) (*citing Dixon v. Godinez*, 114 F.3d 640, 642 (7th Cir. 1997)). However, prisoners do not have a constitutional right to live in perfect comfort all the time. *Murphy v. Walker,* 51 F.3d 714, 721 (7th Cir. 1995). To determine whether cold exposure amounts to a constitutional violation, Courts look to factors such as "the severity of the cold; its duration; whether the prisoner has alternative means to protect himself from the cold; the adequacy of such alternatives; as well as whether he must endure other uncomfortable conditions as well as cold." *Dixon*, 114 F.3d at 644. "[M]ost successful [constitutional] claims often involve allegations of cold in conjunction with other serious problems." *Id.* at 643 (temperatures averaging 40 degrees Fahrenheit and often falling below freezing for four winters); *Murphy*, 51 F.3d at 720-21 (unheated cell and no blankets or clothing for a week and a half); *Del Raine v. Williford*, 32 F.3d 1024, 1036 (7th Cir. 1994) (prison officials did not repair broken window despite temperature inside cell approaching outside temperature in winter).

Regarding the state of mind prong, this standard is "akin to reckless disregard." *Miranda*, 900 F.3d at 352 (quoting *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016)). And for the third prong, when evaluating whether challenged conduct is objectively unreasonable, Courts must "focus on the totality of facts and circumstances" and "gauge objectively . . . whether the response was reasonable." *McCann v. Ogle Cty., Illinois*, 909 F.3d 881, 886 (7th Cir. 2018).

Here, Herzog has alleged that it "felt like 20 degrees" in his cell. DE 96 ¶¶ 22-23. He has not supported this claim of excessive cold with *any* evidence other than his own assertion. In fact, he admits to not knowing the actual temperature and does not dispute the jail's stated temperature setting of 70 degrees. *Id.* ¶¶ 16, 22. Inside his cell, he was provided with the standard-issue clothing and blanket every other detainee also received. *Id.* ¶ 25. He never requested medical attention for cold-related complaints nor did he experience frostbite. *Id.* ¶ 31. On December 9, 2024, he was transferred out of Block A and reported that the temperature in his new cell was "not as bad." *Id.* ¶¶ 39-40. Thus, he was subject to his complained of conditions for less than a week. *See* DE 1, DE 96 ¶¶ 39-40.

Exposure to 70-degree temperatures, absent allegations of other violations, is not close to the "excessive cold" required to rise to the level of a constitutional violation. *Cf. Lewis v. Lane*, 816 F.2d 1165, 1166, 1171 (7th Cir. 1987) (cell temperature was around 53 degrees for two months); *Henderson v. DeRobertis*, 940 F.2d 1055, 1057 (7th Cir. 1991) (four days of subzero temperatures); *Del Raine*, 32 F.3d at 1031 (50-degree temperature during an inmate's strip search). "[T]o avoid

summary judgment, [Plaintiff] must provide evidence showing that the temperature of his cell in which he was confined was excessively cold, or that he was exposed to extremely cold temperatures for an extended amount of time." *Gay v. Chandra*, 652 F. Supp. 2d 959, 969 (S.D. Ill. 2009) (citing *Flores v. O'Donnell*, 36 F.App'x 204 (7th Cir 2002)). Herzog does not provide any evidence of such. Thus, there is not a genuine issue of material fact as to whether the duration and severity of the cold in Herzog's cell was serious enough to implicate the Fourteenth Amendment.

And even if there were objectively serious conditions, the record shows that Defendant did not act purposefully, knowingly, or recklessly to cause Plaintiff's complained of conditions. Nor did he act objectively unreasonably. Here, there is no evidence in the record that Shifflett caused or failed to respond to objectively serious conditions. In contrast, prison officials were highly responsive to Herzog's complaints. When Herzog submitted his first grievance, Shifflett responded within minutes. DE 96 ¶¶ 10-11. When Herzog submitted his second grievance, Shifflett also responded promptly. *Id.* ¶¶ 12-13. No further discussions between Herzog and Shifflett regarding the conditions occurred. *Id.* ¶ 19. There are no instances on the record of Shifflett ignoring Herzog, delaying responding, or failing to investigate his concerns. And although Shifflett did deny Herzog's request for a second blanket, this was in line with prison policies and is not objectively unreasonable. *Id.* ¶ 26. Only prisoners with documented medical need were to be provided with a second blanket, and Herzog does not claim he had one. *Id.* ¶ 29. Accordingly, Herzog failed to sufficiently dispute evidence that prison officials reasonably responded to his complaints about the cold.

Because the undisputed evidence demonstrates that Plaintiff fails to establish the necessary elements of his claim, the Court need not and does not reach Defendant's qualified immunity arguments.

## Conclusion

For the reasons discussed, the Court **GRANTS** Defendant Zack Shifflett's Motion for Summary Judgment [DE 94]. The Clerk of Court is **DIRECTED** to enter judgment in favor of Defendant and to close this case.

So ORDERED this 7th day of October 2026.

/s/ Abizer Zanzi
MAGISTRATE JUDGE ABIZER ZANZI
UNITED STATES DISTRICT COURT